Rttffin, Judge.
 

 The first exception- of the plaintiff is founded on the idea, that as the premium of insurance was deducted by the insurers when they paid the loss,
 
 Trotter
 
 cannot be allowed for it again as having been previously paid to
 
 Jlrmistead.
 

 Jlrmistead
 
 ivas the agent of
 
 Trotter
 
 to effect the insurance ; to whom the latter, not having the money by him sent his note for the amount; and instead of paying
 
 Trotter's
 
 note to the company, he kept it and gave his own.
 
 Trotter
 
 in due time, remitted cash to take up his note, but
 
 Jlrmistead
 
 did not pay it to the insurers, and converted it to his own use. When the loss afterwards arose, the amount of
 
 Jlrmistead's
 
 notes for the premium was taken out of the sum assessed for loss,
 
 according
 
 to the usage in such cases
 
 ;
 
 and wras lost to all parties by the failure and death of
 
 Jlrmistead.
 

 Trotter
 
 was under the necessity of employing an agent to effect the insurance, and the evidence is, that
 
 Jlrmis-tead
 
 was in good credit, both in point of ability, and personal character. It was in the usual course to send him the money to make the payment subsequently, nor does it appear that
 
 Trotter
 
 knew or had reason to suspect that payment had not been made to the insurers, until the failure of
 
 Jlrmistead
 
 and the loss, had both happened.
 
 Trotter
 
 acted in good faith and in the common
 
 *283
 
 course of those who have to effect insurance at other
 
 places;
 
 and is entitled to a credit for the' money paid to
 
 Jirmistead.
 
 Some difficulty has 'been made upon the question of fact, whether
 
 Trotter’s
 
 note to
 
 Jirmistead
 
 was for the premium. But there seems no reason to doubt that. The sums do not agree
 
 precisely;
 
 but are so near that a small commission, postage and the like, might make the difference. And it seems certain that
 
 Trotter
 
 must have given that note, or another sum in cash, to
 
 Jirmistead
 
 for the notes of the latter, which were.given for the insurance. Money was not paid to the insurers, but
 
 Jirmistead’s
 
 notes were deposited as a
 
 security. How were they
 
 obtained?
 
 Jirmistead
 
 would not have given them without a counter security from
 
 Trotter.
 
 That he had in
 
 Trotter’s
 
 note to him and the subsequent payment. The
 
 first
 
 exception is therefore overruled.
 

 A party having filed exceptions, will not be permitted to extend them, unless originally prevented from completing them by accident or surprise.
 

 The counsel for the plaintiff has applied for leave to file fusther exceptions. This application is not founded upon an affidavit setting forth any special grounds, as surprise or accident, which prevented him from excepting to the items now objected to, when he excepted to
 
 others;
 
 but merely on the unreasonableness of the allowances themselves. The application must be refused. The order of proceeding is essential to a right decision. Parties have a right to know the points in controversy, and the court has a right to require that their attention shall be directed to the questions to be contested. The same reasons which would prevent the court from looking into the accounts without any exception, forbid an exception to be now taken upon such a ground ; for that would be to leave the whole matter open to the last moment, and would be a surprise on the other party, and a great inconvenience to the court. Exceptions must be taken at the proper time, and parties must know, that the court cannot take care of them, if they will not take care of themselves.
 

 Per Curiam. — Let the first exception of the plaintiffs be overruled, and their motion to file additional exceptions, be disallowed.